IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | | |
|---|---|---|
| **SHEQUITA JACKSON** | § § § | **PLAINTIFF** |
| v. | § § § § | Civil No. 3:19cv173-HSO-JCG |
| **DOLGENCORP, LLC,** and **JOHN DOES 1-10** | § § | **DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION [13] TO STRIKE IMPROPER REBUTTAL ARGUMENT; GRANTING PLAINTIFF'S [10] MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT; AND GRANTING PLAINTIFF'S MOTION [4] TO REMAND**

BEFORE THE COURT are three Motions: (1) Plaintiff Shequita Jackson's Motion [4] to Remand; (2) Defendant Dolgencorp, LLC's Motion [13] to Strike Improper Rebuttal Argument; and (3) Plaintiff Shequita Jackson's Motion [10] for Leave to File an Amended Complaint. Having considered the record and relevant legal authority, the Court is of the opinion that Defendant's Motion [13] to Strike should be denied, that Plaintiff's Motion [10] for Leave to File an Amended Complaint should be granted, that Plaintiff's Motion [4] to Remand should be granted, and that this matter should be remanded to state court.

I. BACKGROUND

On March 7, 2018, Plaintiff Shequita Jackson ("Plaintiff" or "Jackson") was an invitee at a Dollar General retail store in Jackson, Mississippi, when two

individuals entered the store and robbed it.   Compl. [1-1] at 2.   During the robbery, "Plaintiff was held at gunpoint," which caused her "to suffer immense emotional trauma."   *Id.*   According to Plaintiff, the robbery occurred "due, at least in part, to the store not having proper measures in place to prevent crime from occurring."   *Id.*

Plaintiff initiated this action by filing a Complaint in the Circuit Court of Hinds County, Mississippi, First Judicial District, on October 4, 2018.   Plaintiff named Dollar General Corporation and John Does 1-10 as Defendants.   *See id.* at 1.   Plaintiff did not specify the amount of her damages in the Complaint, but she requested "actual, compensatory, consequential, incidental, and punitive damages . . . plus all expenses and costs, and interest on such award allowed by law and such relief as the Court and jury deem just."   *Id.* at 5.

Dollar General Corporation ("Dollar General") initially removed the case to this Court on November 9, 2018, in civil action number 3:18-cv-00784-CWR-FKB, invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332.   *See* Prior Notice of Removal [7-2] at 1-5.   According to Dollar General, at the time of the removal, Plaintiff was a Mississippi citizen and Dollar General was a Tennessee corporation with its principal place of business in Tennessee.   *Id.* at 2.   On January 28, 2019, United States District Judge Carlton W. Reeves sua sponte remanded the case to state court, finding that Dollar General had not shown that the amount in controversy was satisfied.   *See* Order [7-3] at 1-2.   However, the case was "remanded to state court, without prejudice to its subsequent removal should

2

another paper or pleading meet the jurisdictional requirement." *Id.* at 2 (citations omitted).

On February 5, 2019, Dollar General's attorney e-mailed Plaintiff's counsel a proposed Stipulation and Affidavit addressing the amount in controversy. *See* Feb. 5, 2019, E-Mail [7-4] at 1; *see also* Proposed Stip. and Aff. [1-3] at 2. The proposed Stipulation and Affidavit asked Plaintiff to stipulate that she would not seek or accept damages in excess of $75,000.00. *See* Proposed Stip. and Aff. [1-3] at 2-3. Plaintiff's counsel responded that, "[a]t this time, my client has not given me authority to sign the stipulation. If that changes, I will let you know." *See* Feb. 22, 2019, E-Mail [7-5] at 1. Dollar General also served Requests for Admissions, *see* Notice [7-6] at 1, to which Plaintiff responded on February 26, 2019, *see* Resps. [7-7] at 1-2. The requests asked Plaintiff to admit that her damages did not and would not exceed $75,000.00. *See id.* As to each request, Plaintiff responded, "[d]enied as stated." *Id.*

On February 8, 2019, the state court entered an Agreed Order of Dismissal and Substitution which substituted Dolgencorp, LLC ("Dolgencorp" or "Defendant"), for Dollar General as the named Defendant. *See* R. [3] at 53-54. Plaintiff then moved in state court to amend the Complaint to include Mississippi citizen Mark Person ("Person") as a Defendant. *Id.* at 55-56. According to Plaintiff, Person was the store manager who was previously identified as "John Doe" in the original Complaint. *Id.*

Before the state court ruled on Plaintiff's motion to amend, Defendant

removed the case to this Court a second time, asserting that the amount in controversy was now satisfied based upon its receipt of "other paper." *See* Notice [1] at 1-11. Defendant relied upon Plaintiff's failure to execute the Stipulation and Affidavit and her discovery responses, and maintained that Plaintiff was a Mississippi citizen, while Defendant Dolgencorp was a citizen of Tennessee and Kentucky, such that there was complete diversity of citizenship. *See id.* at 3-11.

Plaintiff timely filed a Motion [4] to Remand, arguing that the motion for leave to amend the complaint filed in state court was due to be granted under the state court's rules, which would have destroyed diversity of citizenship and precluded removal. *See* Mot. [4] at 2. Plaintiff also filed a Motion [10] to Amend in this Court along with a proposed Amended Complaint [12] seeking to add the nondiverse Defendant, Mark Person. In Plaintiff's Rebuttal [9] in support of her Motion [4] to Remand, she points out that permitting this amendment would destroy diversity and require remand under 28 U.S.C. § 1447(e). She further argues that Defendant cannot establish that the amount in controversy is satisfied. *See* Rebuttal [9] at 1-6.

Defendant has filed a Motion [13] to Strike Plaintiff's Rebuttal [9], asking the Court to strike new arguments raised in Plaintiff's Rebuttal, specifically her arguments regarding the amount in controversy. *See* Def.'s Mot. [13] at 1-2.

## II.   DISCUSSION

A.   Defendant's Motion [13] to Strike Improper Rebuttal Argument

Defendant seeks to strike Plaintiff's arguments regarding the amount in

4

controversy and removal to federal court based upon "other paper," because such arguments were not contained in Plaintiff's Motion to Remand and appeared for the first time in her Rebuttal.   While Defendant is correct that it is generally improper to raise an argument for the first time in a rebuttal, the Court must sua sponte consider subject-matter jurisdiction even where it is not raised by a party.   The arguments regarding the amount in controversy are helpful to the Court in considering whether subject-matter jurisdiction existed at the time of removal.

Moreover, Defendant raised the issue of the amount in controversy and "other paper" in its Memorandum [8] in opposition to Plaintiff's Motion to Remand. *See* Def.'s Mem. [8] at 1-3.   Therefore, Plaintiff's Rebuttal does not inject a new argument or issue into the question of whether the Court possesses subject-matter jurisdiction.   Defendant's Motion [13] to Strike will be denied.

B.   <u>The Court's subject-matter jurisdiction at the time of the second removal</u>

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over those matters specifically designated by the Constitution or Congress.   *Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010).   The burden of establishing subject-matter jurisdiction rests with the party asserting it, in this case Defendant.   *See Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 534 (5th Cir. 2017).

28 U.S.C. § 1441 allows for the removal to federal court of any civil action in which federal courts have original jurisdiction.   "For cases removed from state court, jurisdiction must exist at the time of removal."   *Moss v. Princip*, 913 F.3d

5

508, 514 (5th Cir. 2019). A federal court must presume that a suit lies outside its limited subject-matter jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum. *Settlement Funding, L.L.C.*, 851 F.3d at 537 (quotation omitted). "If the record does not contain sufficient evidence to show that subject matter jurisdiction exists, a federal court does not have jurisdiction over the case," and a court must "adhere to these rules regardless of the costs it imposes." *Id.* (quotation omitted).

1. <u>Diversity of citizenship</u>

Under 28 U.S.C. § 1332(a), "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). For individuals, citizenship is determined by the person's domicile. *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019). The citizenship of a limited liability company is determined by the citizenship of all of its members. *See id.* at 314 (citing *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008)). "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b).

At the time of the present removal, the named Defendants were Dolgencorp, LLC and John Does 1-10. Plaintiff is a Mississippi citizen, while Defendant Dolgencorp is a citizen of Tennessee and Kentucky. The citizenship of the fictitious

Defendants is disregarded for purposes of determining removability.  *See id.*

Therefore, complete diversity of citizenship existed at the time of removal.

2.  <u>Amount in controversy</u>

According to 28 U.S.C. § 1446(c)(2),

> [i]f removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that--
> (A)  the notice of removal may assert the amount in controversy if the initial pleading seeks--
>   (i)   nonmonetary relief; or
>   (ii)  a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
> (B)  removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

28 U.S.C. § 1446(c)(2).

A notice of removal must generally be filed within 30 days after the receipt by the defendant of the initial pleading.  *See* 28 U.S.C. § 1446(b).  However,

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3).

Defendant has submitted evidence of its receipt of such "other paper," 28 U.S.C. § 1446(c)(3)(A), specifically, Plaintiff's denial of six requests for admissions relating to the amount in controversy, *see* Resps. [7-7] at 1-2; *see also* 28 U.S.C. §

1446(c)(3)(A). Defendant has shown by a preponderance of the evidence that the amount in controversy exceeds $75,000.00, and that the Court had subject-matter jurisdiction at the time of the current removal. *See* 28 U.S.C. § 1332(a).

C.  Plaintiff's Motion [10] to Amend

Subsequent to the removal, Plaintiff filed a Motion [10] to Amend her Complaint to substitute Mark Person as a Defendant. Based upon the allegations contained in the proposed Amended Complaint [12], Person is a citizen of Mississippi and was the "store manager" of the Dollar General in question. Proposed Am. Compl. [12] at 1. Plaintiff alleges that "Mark Pearson [sic] as the manager of the premises controlled the amount of security protection provided to the Plaintiff" and "had direct knowledge of the premises and the level of criminal activity that had previously occurred in the vicinity of the store location, as well as the need for adequate security." *Id.* at 3. If the Court were to permit Plaintiff's proposed amendment, Person's presence as a party would destroy diversity of citizenship and require remand to state court.

1.  Joinder of nondiverse defendants following removal

According to 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). The United States Court of Appeals for the Fifth Circuit has held that this statute applies regardless of whether the "amendment consisted of an addition of a defendant or of an identification of a John Doe." *Doleac ex rel. Doleac*

8

*v. Michalson*, 264 F.3d 470, 477 (5th Cir. 2001). By enacting this statute "Congress has indicated that federal diversity jurisdiction is defeated so long as, after removal, fictitious defendants are replaced with nondiverse, named defendants." *Weaver v. Metro. Life Ins. Co.*, 939 F.3d 618, 624 (5th Cir. 2019) (quotation omitted).

When confronted with a proposed amendment which would add a "nondiverse nonindispensable party," a district court "should use its discretion in deciding whether to allow that party to be added." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). The Fifth Circuit has directed that a district court "should scrutinize that amendment more closely than an ordinary amendment" and must "consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits." *Id.*

These factors (the "*Hensgens* factors") include the following: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in requesting the amendment; (3) whether plaintiff will be significantly injured if the amendment is not allowed; and (4) any other factors bearing on the equities. *Id.* According to the Fifth Circuit, "[t]he district court, with input from the defendant, should then balance the equities and decide whether amendment should be permitted. If it permits the amendment of the nondiverse defendant, it then must remand to the state court." *Id.*

2.  Analysis of the *Hensegens* factors

    a.  Purpose of the amendment

"In analyzing the first *Hensgens* factor, district courts often consider whether

the plaintiff knew or should have known of the identity of the non-diverse defendant when the original complaint was filed." *Brewer v. Hemphill*, No. 1:19CV372-LG-RHW, 2019 WL 3857656, at *2 (S.D. Miss. Aug. 17, 2019) (quotation omitted). District courts have also considered the viability of the plaintiff's claims against a proposed defendant under the first factor. *See id.*

In this case, Defendant maintains that Plaintiff is attempting to amend her Complaint solely for the purpose of defeating diversity jurisdiction, *see* Mem. [15] at 1, as Person is "not the store manager and never has been," such that the "amendment would be futile," Resp. [14] at 1. However, Defendant has submitted no record evidence to support its assertion that Person was not the store manager, and this contention plainly contradicts Plaintiff's allegations in the proposed Amended Complaint that Person was the store manager. *Compare* Mem. [15] at 1, 3, 4, with Proposed Am. Compl. [12] at 1, 3. With respect to Plaintiff's motive, Defendant offers nothing more than a conclusory allegation that the amendment is designed to defeat diversity jurisdiction. *See* Mem. [15] at 1.

In her original Complaint [1-1], Plaintiff named as Defendants Dollar General and unknown John Does 1-10 and indicated that Defendants were "the owners, operators, and/or managers of the store . . . ." Compl. [1-1] at 2. On February 19, 2019, over two weeks prior to Defendant's present removal of the case to this Court, Plaintiff moved in state court to amend the Complaint in order to substitute Person as a Defendant because she had "engaged in additional investigations and discovered the identify [sic] of a manager who was previously

identified as 'John Doe' in the original Complaint." R. [3] at 55. Defendant has not pointed to any evidence in the record tending to show that Plaintiff knew Person's identity when the original Complaint was filed. The proposed Amended Complaint alleges that Person was the store manager. Defendant's argument in its Response [14] and Memorandum [15] that Person has never been the store manager creates, at most, a dispute of fact as to Person's role with Defendant.

According to the Fifth Circuit, "Mississippi law is unclear on the issue of whether a store manager, in addition to a store owner, can be personally liable in premises liability cases." *Smith v. Petsmart Inc.*, 278 F. App'x 377, 380 (5th Cir. 2008). In *Smith*, one of the plaintiffs was a customer who had been injured in a Petsmart store when she tripped on the prongs of a forklift that was left unattended in the middle of an aisle. *See id.* at 378. The plaintiffs, who were Mississippi residents, filed a negligence suit in state court against diverse defendant Petsmart as well as against its manager, who was a Mississippi citizen. The defendants removed the case to federal court, arguing improper joinder of the manager to defeat diversity jurisdiction. The district court denied plaintiffs' motion to remand and dismissed the manager for improper joinder. *See id.*

On appeal, the Fifth Circuit observed that the Mississippi Supreme Court has held that

> the owner, occupant, or *person in charge* of premises owes to an invitee or business visitor a duty of exercising reasonable or ordinary care to keep the premises in reasonably safe and suitable condition or of warning [the] invitee of dangerous conditions not readily apparent which [the] owner knows or should know of in the exercise of reasonable

11

care.

*Id.* at 380 (quoting *Mayfield v. The Hairbender*, 903 So. 2d 733, 735–36 (Miss. 2005) (en banc)) (emphasis in original). Because a federal court must "resolve all uncertainties [in the relevant state law] in favor of the non-moving party," *id.* (quoting *Cavallini v. State Farm Mut. Auto Ins.*, 44 F.3d 256, 259 (5th Cir. 1995)), the Fifth Circuit assumed that under Mississippi law a store manager may qualify as a "person in charge of premises," *id.*

Based upon this assumption, the question before the *Smith* Court became whether, construing any factual ambiguities in plaintiffs' favor, they had "established a reasonable possibility of recovery against [the manager] based on the fact that she was a person in charge of Petsmart's premises." *Id.* The complaint alleged that the manager was responsible for the Petsmart employees and the premises on the date of the accident, and that the manager was negligent in failing to maintain the store properly and avoid the existence of hazards, provide a safe premises for customers, warn of the hazard, place warning signs near the hazard, and control and supervise employees. *Id.* The defendants submitted the manager's affidavit in opposition to the motion to remand, in which the manager admitted that she was the only manager on duty when the plaintiff was injured. *Id.* at 381. In light of that admission, the Fifth Circuit held that there was a reasonable possibility that a fact finder would consider the manager a "person in charge of the premises" at the time of the fall, such that the case had to be remanded to the state court for resolution of the claims on the merits. *Id.* at 382.

12

Here, the proposed Amended Complaint [12] contains factual assertions that Person was the manager of the premises and controlled the amount of security provided, and that he had direct knowledge of the premises, the level of criminal activity in the vicinity of the store, and the need for adequate security. *See* Proposed Am. Compl. [12] at 3. According to Plaintiff, Defendants knew or should have known that the store's security was inadequate, that individuals with criminal intent came into the store, that crimes were occurring on the store property, and that the building and surrounding area was not reasonably safe or secure. *See id.*

Defendant has not submitted any evidence to contradict Plaintiff's allegation that Person was the manager of the store, only making arguments in its Response and Memorandum. *See* Resp. [14] at 1; Mem. [15] at 1, 3, 4. Given the allegations in the proposed Amended Complaint [12], there is a reasonable possibility that a factfinder might consider Person a "person in charge of the premises" of the store at the time of the robbery, and the Court cannot say that Plaintiff's proposed amendment is futile. This factor weighs in favor of permitting the amendment.

      b.    <u>Any dilatoriness in requesting to amend</u>

Plaintiff asserts that she was not dilatory and moved to amend "immediately" after she learned of Person's identity. *See* Mem. [10] at 4. Plaintiff filed the original Complaint [1-1] in state court on October 4, 2018, and was involved in the original removal and remand procedure until January 28, 2019. *See* Order [7-3] at 1-2. Less than a month later, on February 19, 2019, Plaintiff moved in state court to amend the Complaint to join Person as a Defendant. R. [3] at 55-56. Plaintiff

13

reurged her Motion once this matter was again removed to this Court. Nothing substantive has occurred in this case since Plaintiff filed and served her Complaint, and proceedings are stayed pending a ruling on the Motion to Remand. *See* Apr. 8, 2019, Text Order. Based upon the record as a whole, the Court cannot conclude that Plaintiff has been dilatory in seeking the amendment. This factor weighs in favor of permitting the amendment.

      c.     <u>Any injury to Plaintiff if the amendment is not permitted</u>

Turning to the third *Hensgens* factor, Plaintiff alleges that she "would be prejudiced by having to pursue a separate case against the manager in state court." Mem. [10] at 5. Defendant counters that Plaintiff "cannot show denying the amendment prejudices her," but instead "[t]he only prejudice is to Dollar General." Mem. [15] at 10.

> As to the third *Hensgens* factor – whether the plaintiff would be "significantly injured" if the court does not permit the amendment – a court's usual inquiry is "whether the possibility of a separate state court proceeding weighs against denying the proposed amendment because of the inefficiency of parallel proceedings or because such proceedings would place a financial burden on the plaintiff."

*Webster v. Jackson HMA LLC*, No. 3:19-CV-21TSL-RHW, 2019 WL 1983256, at *3 (S.D. Miss. May 3, 2019) (quoting *Agyei v. Endurance Power Prod., Inc.*, 198 F. Supp. 3d 764, 777 (S.D. Tex. 2016)).

The Court recognizes that denial of the amendment would impose a financial burden on Plaintiff, and parallel proceedings would be inefficient. Plaintiff would incur additional expense, and there would be an additional expenditure of judicial

resources in resolving similar claims in separate forums. However, Plaintiff has not shown that she would be "significantly injured" under such circumstances. This factor is either neutral or weighs slightly in favor of amendment.

    d.    <u>Other factors</u>

The Court has not discerned any other equitable considerations bearing upon the joinder of Person that have not been previously considered. This factor is therefore neutral.

Having considered all of the relevant factors, the Court concludes on balance that they weigh in favor of permitting the amendment. Under the circumstances of this case, Plaintiff's interest in pursuing her claims against Person outweighs Defendant's interest in maintaining this federal forum. Plaintiff's Motion to Amend should be granted, and the Court will consider the proposed Amended Complaint [12] as the operative pleading.

D.    <u>Plaintiff's Motion [4] to Remand</u>

Plaintiff asks the Court to remand this case to state court for lack of subject-matter jurisdiction. Relying on *Freeport-McMoRan, Inc. v. K N Energy, Inc.,* 498 U.S. 426 (1991), Defendant argues that even if the Court grants Plaintiff's Motion to Amend, it would still have subject-matter jurisdiction because jurisdiction was established at the time of removal. *See* Mem. [15] at 6. However, 28 U.S.C. § 1447(e), which applies in this case, creates an exception to the general rule that jurisdictional facts are determined at the time of removal. *See, e.g., Lindsay v. Ford Motor Co.*, 41 F.3d 664, 1994 WL 684970, \*5 (5th Cir. 1994). According to the

Fifth Circuit, "§ 1447(e) makes it clear that in a removal situation such as this where the plaintiff seeks to add a defendant whose joinder would destroy subject matter jurisdiction, the district court's only options are to either deny joinder or to permit joinder and remand the case back to state court." *Id.* Notably, *Freeport-McMoRan, Inc.* was not removed from state court but was initially brought in federal district court. *See Freeport-McMoRan, Inc.,* 498 U.S. at 427. The statutory exception codified at 28 U.S.C. § 1447(e) was therefore inapplicable in that case, as opposed to this case where it determines the outcome. *See id.*

Plaintiff is a Mississippi citizen, and the joinder of Mississippi citizen Person as a Defendant destroys subject-matter jurisdiction. *See* 28 U.S.C. §§ 1332(a) & 1447(e). The Court must remand this case to state court. *See* 28 U.S.C. § 1447(e).

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Dolgencorp, LLC's Motion [13] to Strike Improper Rebuttal Argument is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Shequita Jackson's Motion [10] for Leave to File an Amended Complaint is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Shequita Jackson's Motion [4] to Remand is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the above-captioned case is hereby **REMANDED** to the Circuit Court of Hinds County, Mississippi, First Judicial District, and that a certified copy of this Order of remand

shall be immediately mailed by the Clerk to the clerk of the state court pursuant to 29 U.S.C. § 1447(c).

**SO ORDERED AND ADJUDGED**, this the 6th day of February, 2020.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE